# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKLEE CORPORATION and NIR DIAGNOSTICS INC.<br><br>    Plaintiffs,<br><br>vs.<br><br>MASIMO CORPORATION<br><br>    Defendant. | **CASE NO: SACV07-0847 DOC (RNB)** |
| MASIMO CORPORATION<br><br>    Counterclaimant,<br><br>vs.<br><br>SHAKLEE CORPORATION and NIR DIAGNOSTICS INC.,<br><br>    Counterdefendants. | |

## JOINT RULE 26(f) REPORT

Pursuant to the Court's October 3, 2007 Order Setting Scheduling Conference ("Scheduling Order") (Docket Entry 15), Fed. R. Civ. P. 26(f), and Local Rule 26-1, the Parties to this action hereby file this joint report. Attached as Appendix A is a chart showing the parties' proposed schedules, including certain disagreements regarding the schedules.

(1)  **Summary of Case, Claims and Defenses**

This is a patent infringement case concerning U.S. Patent Nos. 6,651,015 ("the '015 Patent") and 6,611,777 ("the '777 Patent") (collectively "the Patents-in-Suit"). The '015 patent is entitled "Method For Calibrating Spectrophotometric Apparatus," and has an issue date of November 18, 2003. The '777 patent is entitled "Method for Calibrating Spectrophotometric Apparatus" and has an issue date of August 26, 2003.

Plaintiffs Shaklee and NIR have brought this patent infringement action against Defendant Masimo Corp. ("Masimo"). The complaint alleges willful infringement of the Patents-In-Suit by pulse oximeter devices that are made, used, sold, offered for sale and/or imported into the United States by Masimo.

Masimo has asserted declaratory judgment counterclaims against Shaklee and NIR of non-infringement and invalidity of the two patents-in-suit. Masimo has also asserted the following defenses: (1) Failure to state a claim; (2) Non-infringement of The '015 Patent; (3) Invalidity of The '015 patent; (4) Non-infringement of The '777 Patent; (5) Invalidity of The '777 Patent; (6) Estoppel; (7) Failure to Mark; (8) Other Defenses.

(2)  **Principal Issues In The Case**

At this point in time, the principal issues in this case include: (a) whether the Patents-in-Suit are infringed by Masimo and whether such infringement has been willful;

(b) whether the Patents-in-Suit are invalid; (c) the appropriate remedies for infringement, if infringement exists.

### (3) Joinder of Parties and Amendment of Pleadings

As reflected in Appendix A (the parties' proposed schedules), the parties do not object to a deadline of ninety (90) days after the date the Scheduling Order is issued for the joinder of parties and the amendment of pleadings.

#### 1. Masimo Statement

Masimo states that it may be necessary for Plaintiffs to join a company known as Spectromedical as a necessary party in order to avoid a dismissal for lack of standing. Spectromedical is a Canadian company believed to be owned by the named inventor of the patents-in-suit, James Samsoondar, which the Patent and Trademark Office ("PTO") records as the assignee of the patents-in-suit. The PTO does not record an assignment of all exclusive rights in the patents by Spectromedical to either plaintiff, and, accordingly, Plaintiffs may not have standing to bring this lawsuit without Spectromedical joined as a party. Masimo has requested that Plaintiffs produce documents evidencing standing with their initial Rule 26 disclosures, but no such documents have been produced.

#### 2. Plaintiffs' Response

Plaintiffs have disclosed document categories relating to standing in their initial Rule 26(a) reports, and will produce the underlying documents well before the deadline for adding parties. Plaintiffs have no objection to joining Spectromedical should it be determined that Spectromedical is a necessary party to this litigation.

**(4)   Issues That May Be Determined By Motion**
**a.    Knobbe Martens Issue**

Shaklee and Masimo disagree regarding an issue in the Proposed Protective Order. This issue concerns communications between Defendant Masimo and the law firm of Knobbe, Martens, Olson & Bear LLP ("Knobbe Martens"). Shaklee respectfully requests a short discussion of this issue at the status conference on January 28, 2008 to determine whether a formal motion is necessary. A short summary of the parties' positions are set forth below.

**1.    Shaklee's Position**

The law firm Knobbe Martens formerly represented co-plaintiff Shaklee in connection with license negotiations with co-plaintiff NIR involving the patents-in-suit, including overseeing the conduct of technical due diligence regarding the patents-in-suit. In connection with that representation, Knobbe Martens had access to confidential and privileged information relating to Shaklee's legal strategy concerning the patents-in-suit.

Shaklee understands that Knobbe Martens currently serves as counsel to Masimo, the defendant, on intellectual property matters. Because of this relationship, there exists the potential that Shaklee's confidential and privileged information will be shared by Knobbe Martens with Masimo; and, because the Protective Order in this litigation will provide access to Shaklee's confidential information by individuals at Masimo, there also exists the potential that such confidential information will be shared by Masimo with Knobbe Martens. Such information is highly relevant to this litigation, and its use by Masimo in this case would be highly prejudicial to Shaklee.

Accordingly, Shaklee seeks assurances that Masimo (or Masimo's counsel) will not communicate with Knobbe Martens regarding the subject matter of this litigation, either to seek from Knobbe Martens Shaklee confidential and privileged information (including information gained from overseeing due diligence respecting the patents-in-suit), or to share with Knobbe Martens Shaklee's confidential information produced under the Protective Order in this case.

As noted below, Masimo agrees that Knobbe Martens has an ethical duty not to communicate any confidential information to Masimo, and we expect the Protective Order in this case to prevent the transmission of confidential information to Knobbe Martens.  However, given the current close and confidential relationship between Knobbe Martens and Masimo, Shaklee believes it is also appropriate for Masimo to confirm that they (and their agents) will not discuss the subject matter of this lawsuit with Knobbe Martens.  Any such communications would present a substantial risk of, at the least, inadvertent disclosure of Shaklee's confidential and privileged information.

Indeed, Masimo has indicated that it does seek to communicate with Knobbe Martens regarding the subject matter of this lawsuit.  In particular, Masimo has protested that Shaklee's proposed Protective Order provision will prohibit Masimo from communicating with Knobbe Martens "regarding the subject of this lawsuit regardless of whether the discussions divulge confidential client communications between Knobbe Martens and Shaklee," and previously represented to Shaklee that this is "unfair." Accordingly, such protection is highly appropriate.

Masimo further argues that it should be able to discuss this case with Knobbe Martens because NIR purportedly knew about Knobbe Martens' intellectual property

work for Masimo. This argument is nonsensical, particularly given that NIR had no attorney-client relationship with Knobbe Martens. Masimo knows quite well that communications about the present case with Shaklee's former counsel would be highly inappropriate. Indeed, Masimo has retained different intellectual property counsel in this action (Heller Ehrman), recognizing that Knobbe Martens would be conflicted from representing Masimo here.

Masimo also contends that in order to answer certain interrogatories propounded by Shaklee, Masimo must communicate with Knobbe Martens to obtain information about conversations between Masimo and NIR before the filing of this lawsuit. Shaklee is amenable to pursuing this discovery by third-party subpoena to the extent the investigation requires discussions with Knobbe Martens. To the extent non-Knobbe Martens employees were present, however, the interrogatories can and should be answered by Masimo.

2.  **Masimo's position**

Masimo believes that this issue would be properly addressed by Shaklee filing a motion for protective order and with the benefit of full briefing, and not through this Rule 26 Report.

Should the Court decide to resolve the issue here, however, Masimo's position is that the issue of Knobbe Martens' alleged fiduciary duties to Shaklee as part of a purported attorney-client relationship is an issue that is between Knobbe Martens and Shaklee and is not an appropriate provision for a stipulated protective order binding Masimo. It is the responsibility of Knobbe Martens to guard its clients' confidential communications, and it would not be appropriate for Masimo – a third party – to be

bound to police Knobbe Martens in this regard under the terms of a protective order entered in an action in which Masimo has been sued.

Moreover, the language of the provision that Shaklee and NIR propose in this regard is overbroad and would restrict Masimo's communications far more than any attorney-client relationship between Knobbe Martens and Shaklee would warrant. Shaklee proposes a total ban on communications between Masimo and Knobbe-Martens regarding this litigation, even if they are unrelated to privileged attorney-client communications between Shaklee and Knobbe-Martens. The provision Plaintiffs propose – and which Masimo opposes – is as follows:

"(a)   Masimo employees shall not engage, directly or indirectly, in any communications with the Knobbe firm regarding the substance of this Litigation;

(b)   Masimo's outside counsel shall not engage, directly or indirectly, in any communications with the Knobbe firm regarding the substance of this Litigation;

(c)   Masimo's consultants and experts shall not engage, directly or indirectly, in any communications with the Knobbe firm regarding the substance of this Litigation."

This prohibits Masimo, its counsel, and experts from communicating with Knobbe Martens, who has been Masimo's primary intellectual property counsel in other contexts, regarding the subject of this lawsuit regardless of whether the discussions divulge confidential client communications between Knobbe Martens and Shaklee.

On its face, this prohibition is overbroad and would prejudice Masimo in its ability to defend this law suit. Knobbe-Martens has been Masimo's primary intellectual property counsel for many years and is intimately familiar with Masimo's technology and

business. In particular, Knobbe Martens was involved in discussions between Masimo and NIR regarding the patents-in-suit that preceded this law suit by over a year. Duncan McIntyre, NIR's President, CEO and Executive Vice-Chairman was present at these discussions, and Plaintiffs are therefore well aware that Knobbe Martens represented Masimo in these discussions. Moreover, Shaklee has propounded discovery requests on Masimo that demand information regarding these discussions – information that Masimo cannot learn without talking to its representative in the discussions, Knobbe Martens. For example, Shaklee's fifth interrogatory demands that Masimo, "[i]dentify each meeting and communication, between one or more Masimo representatives and one or more NIR representatives, at which technical information about any Masimo devices was requested or discussed. Such identification should include the date, relevant persons and subject matter(s) of discussion." Masimo will be unable to respond to this discovery if all communications between Masimo and Knobbe Martens are banned, even communications that have nothing to do with Knobbe Martens's attorney-client communications with Shaklee.

Such a restrictive provision is not appropriate for a protective order binding Masimo, and any such concerns Shaklee has in this regard should be resolved directly between Shaklee and Knobbe Martens.

**b.      Early summary judgment motion**

Masimo seeks permission to file an early motion for summary judgment of non-infringement for hearing on August 11, 2008. The parties' positions regarding such a motion are set forth below.

**1.      Masimo's Position**

Masimo's position is that the patents-in-suit are related to an entirely different field of technology from the products Masimo sells and that Masimo's technology plainly does not infringe the patents-in-suit as a matter of law. Masimo therefore believes that it should be given the opportunity to argue for the dismissal of this lawsuit on summary judgment as soon as possible to save Masimo the burden and expense of litigating this action. Masimo originally proposed to Plaintiffs bringing its motion for summary judgment of non-infringement on June 2, 2008. As a compromise, Masimo has proposed bringing its motion for hearing on August 11, 2008, but Plaintiffs have not accepted this compromise. Masimo believes that an August 11 hearing date on summary judgment would be a fair compromise and would give Plaintiffs nearly eight months to take any discovery they feel they need in order to oppose summary judgment. Masimo does not believe that there is a need for separate claim construction briefing and proceedings prior to a motion and hearing on summary judgment.

2. **Shaklee and NIR's Position**

Shaklee and NIR strongly disagree that the patents-in-suit are related to an "entirely different field of technology." Shaklee and NIR are not aware of any rule that would preclude Masimo from attempting to file a summary judgment motion in this action at any time it wishes. However, given that Masimo has not stated the reasoning behind their proposed summary judgment motion, and the parties have not yet engaged in the required meet-and-confer, Shaklee and NIR reserve all rights to oppose the motion as premature or otherwise improper, depending on the state of discovery at the time of the motion and on the basis for Masimo's motion.

c. **Letters Rogatory**

1.   **Masimo Statement**

Masimo intends to take the deposition and discover documents from the inventor of the patents-in-suit, James Samsoondar, and the assignee of the patents-in-suit, Spectromedical. Masimo understands that Mr. Samsoondar resides in Canada and that his company Spectromedical is a Canadian entity. Accordingly, if Mr. Samsoondar does not agree voluntarily to be deposed and to produce documents, then Masimo intends to request that the Court issue letters rogatory to the Canadian court requesting this discovery. Masimo has requested that Plaintiffs stipulate to letters rogatory issuing and the parties continue to negotiate such a stipulation. If such a stipulation cannot be achieved, Masimo anticipates that it may have to file a motion asking for the issuance of letters rogatory.

2.   **Plaintiffs' Response**

Plaintiffs have no general objection to entering into such a stipulation regarding Mr. Samsoondar. Plaintiffs have requested that they be afforded the opportunity to review and make objections to the specific requests and summary of the case contained in Masimo's proposed letters rogatory. Unless the requests and/or summary are objectionable, Plaintiffs do not anticipate the need for a motion.

(5)   **Settlement Discussions and Procedures**

The parties have agreed to Settlement Procedure 2 listed in Local Rule 16-14.4: "appearance before an attorney selected from the Attorney Settlement Officer Panel," providing that the attorney has experience in patent litigation. Plaintiffs state that the following three persons on the Panel would be acceptable, assuming that no conflicts issues arise: John Carson, Esq.; Hon. John Leo Wagner; Michael Diliberto, Esq.

Masimo's position is that it is premature to select a Settlement Officer at this stage of the litigation, when discovery has just commenced. The parties will have to further investigate the case and take discovery before they are in a position to appear before a Settlement Officer. The list of available Settlement Officers with patent expertise may well change by the time the parties appear before a Settlement Officer. However, Masimo's counsel is investigating the three Settlement Officers proposed by Plaintiffs and the other Settlement Officers on the Panel, and will continue to work with Plaintiffs to agree to a Settlement Officer pursuant to the Court's Rules.

**(6)    Discovery Plan**

(a) See attached proposed schedule for the parties' proposed discovery deadlines.

(b) The parties have agreed that draft expert reports need not be produced in discovery.

(c) Masimo proposes that the parties agree to produce documents in response to document requests on a rolling basis beginning no later than thirty (30) days after responses and objections to discovery requests are due, and that the rolling production be completed no later than ninety (90) days after responses and objections to discovery requests are due.

Plaintiffs agree that the parties should make a good-faith attempt to comply with this timing, providing that discovery requests are not premature. However, given the likelihood that there will be consecutive and overlapping discovery requests, and that the parties will object to certain discovery requests based on overbreadth, relevance, and timing (for example, in view of other deadlines for claims construction and expert

discovery), these deadlines will be ambiguous, and Plaintiffs thus object to their insertion into the schedule.

(d) Masimo further proposes that privilege logs be exchanged thirty (30) days after the rolling document productions are completed. Plaintiffs propose that privilege logs be exchanged on a rolling basis, and that the parties seek to produce privilege logs within 30 days of the relevant document production they follow.

**(7)   Trial**

The parties request a jury trial of 10 days.

**(8)   Other Issues**

Plaintiffs anticipate that a *Markman* hearing will be necessary. Plaintiffs' proposed dates for the relevant claim construction briefs and *Markman* hearing are included in the attached proposed schedule.

Plaintiffs and Masimo agree that there may be no need for separate claim construction briefing and proceedings prior to a motion and hearing on summary judgment. However, it is Plaintiffs' position that it will be helpful to have claim constructions resolved before expert discovery in this action.

Other issues that the parties seek to address, pursuant to Fed. R. Civ. P. 26 and L.R. 26-1, are the following:

(a) Document Format: As a general matter, the parties will produce documents as TIFF images with load files. The parties may request production of particular electronic documents in native format on a document-by-document basis, and such production will not be unreasonably withheld where warranted. If the parties cannot

agree on whether a particular document need be produced in native format, the requesting party may seek the assistance of the Court.

(b) Costs of document production: As a general matter, the parties will bear the costs of their own document production.

(c) The parties propose that Federal Rule of Civil Procedure 30(b)(2) govern the number of depositions, excluding expert depositions. Specifically, the parties propose that with the exception of expert depositions, the parties must seek leave of court to take a deposition if the "proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants."

**(9)    Specific Dates**

(a) <u>Discovery cut-off date</u>: see proposed dates in Appendix A.

(b) <u>Final motion cut-off date</u>: see proposed dates in Appendix A.

(c) <u>Final Pretrial Conference:</u> see proposed dates in Appendix A.

(d) <u>Date for Trial</u>: see proposed dates in Appendix A.

**(10)    Complexity of Case  (See L.R. 26-1)**

This case involves complex technical subject matter. At this time, however, the parties do not contemplate that the procedures set forth in the Manual for Complex Litigation are needed.

By: /s/ *[signature]*
Date: 1-14-2008

Lawrence Goodwin
(admitted *pro hac vice*)
Monica Bhattacharyya
(admitted *pro hac vice*)
Stefan Stoyanov
(admitted *pro hac vice*)
KASOWITZ, BENSON,
  TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Phone: (212) 506-1700
Fax: (212) 506-1800

Steven H. Weinstein (086724)
Peter Sindhuphak (235164)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399
sweinstein@barwol.com
psindhuphak@barwol.com

*Attorneys for Plaintiff*
*Shaklee Corporation,*

By: David W. Quinto */KJC*
Date: 1/14/08

Frederick A. Lorig (Bar No. 057645)
David W. Quinto (Bar No. 106232)
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Plaintiff*
*NIR Diagnostics Inc.,*

By: /s/ *[signature]*
Date: 1-14-08

Alexander L. Brainerd (42722)
Samuel F. Ernst (223963)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Phone: (415) 772-6964
Facsimile: (415) 772-6268

John M. Benassi (74137)
Jessica R. Wolff (162295)
Steven A. Moore (232114)
Nicole S. Cunningham (234390)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, California 92122-1246
Phone: (858) 450-8400
Facsimile: (858) 450-8499

*Attorneys for Defendant*
*Masimo Corporation*

14

## **CERTIFICATE OF SERVICE**

I, Stefan R. Stoyanov, hereby certify that, on this day, I caused the foregoing:

1) JOINT RULE 26(f) REPORT; and

2) ADR Pilot Program Questionnaire,

to be served by First Class U.S. Mail to the following:

Alexander L. Brainerd
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
E-mail: Alexander.Brainerd@hellerehrman.com

Jessica R. Wolff
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, California 92122
E-mail: Jessica.Wolff@hellerehrman.com

*Attorneys for Defendant and Counterclaimant
Masimo Corporation*

Frederick A. Lorig
QUINN EMANUEL
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
E-mail: fredericklorig@quinnemanuel.com

*Attorneys for NIR Diagnostics Inc.*

Dated: January 14, 2008
New York, NY

By: _____
Stefan R. Stoyanov